

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-28-2006

# Enohonsi v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1764

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Enohonsi v. Atty Gen USA" (2006). *2006 Decisions.* Paper 1531.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1531

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 05-1764

———

ITA B. ENOHONSI,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES;
DONALD MONICA, U.S. DEPARTMENT
OF HOMELAND SECURITY,
                                        Respondents

———

Petition for Review of an Order
of the Board of Immigration Appeals
(A16-091-421)
Immigration Judge: Grace A. Sease

———

Submitted Under Third Circuit LAR 34.1(a)
February 28, 2006

Before: SLOVITER, FUENTES, Circuit Judges, and BRODY,[*] District Judge

(Filed February 28, 2006)

OPINION

———

_____

[*] Hon. Anita B. Brody, United States District Court for the
Eastern District of Pennsylvania, sitting by designation.

SLOVITER, Circuit Judge.

Ita B. Enohonsi has filed a petition to review the denial of his application for asylum, withholding of removal, and protection under the United Nations Convention Against Torture ("CAT"). The Immigration Judge ("IJ") found that Enohonsi was not a credible witness and further concluded that "even if we were to credit [Enohonsi's] testimony that he is a member of the Itsekiri tribe and that he is a Christian," App. at 19, he had failed to prove that he had a well-founded fear of persecution. The Board of Immigration Appeals (BIA) affirmed. We have jurisdiction to review the BIA's decision pursuant to 8 U.S.C. § 1252(a)(1). See Abdille v. Ashcroft, 242 F.3d 477, 482 (3d Cir. 2001). Where, as here, the Board issues a single-member decision pursuant to 8 C.F.R. § 1003.1(e)(5) that "merely supplements the [IJ's] opinion," the court reviews the decision of the IJ as well as that of the BIA. Niam v. Ashcroft, 354 F.3d 652, 655-56 (7th Cir. 2004).

## I.

### Background

Enohonsi is a native and citizen of Nigeria. He is a member of the Itsekiri tribe and is a Christian. He spent the early years of his life in Orum.[1] Enohonsi testified that there was violence between Muslims and Christians in Carduna, where one of his brothers

---

[1] We note that the record is inconsistent as to the correct spellings of "Itsekiri" and "Orum," which are sometimes spelled "Itsekuri" and "Orom," respectively.

lived. In January of 2001, Enohonsi's mother went to Carduna to visit Enohonsi's brother and she found that he had been murdered and his house had been burned down.

Enohonsi's father began building a compound in Orum in 1985. It had over twenty rooms, which his father would rent exclusively to members of the Itsekiri tribe. Enohonsi worked at the compound. He testified that the Ijaw and Ibo people would often attack the Itsekiris. His parents were killed in December of 2001, allegedly after a group of Ibos and Ijaws set fire to the compound.

After the compound was destroyed, Enohonsi went to Lagos to live with his brother. He and his brother were attacked by a group of six people. Enohonsi ran away, but his brother was badly beaten and died as a result. Enohonsi does not know who attacked him and his brother or why.

After the death of his brother, Enohonsi left Nigeria because the deaths of his parents and brothers made him fear that his life was in danger. He moved to Benin, and then to Cote d'Ivoire. He never obtained permission to live permanently in Cote d'Ivoire.

Fearing the increased violence in the Cote d'Ivoire, Enohonsi stowed away on a ship in November of 2003. He did not know where the ship was going. The ship docked in Philadelphia on December 13, 2002 and he was taken to a hospital. On December 19, 2003, he was taken to the airport and questioned.

## II.

## Legal Standards

3

In its order affirming the IJ's decision, the BIA found it "unnecessary to address credibility as, even if credible, the respondent failed to sustain the burden of proof applicable to asylum and the more stringent burden applicable to withholding of removal." Rec. at 2. Therefore, for purposes of this appeal, we accept Enohonsi's testimony as true. See Kayembe v. Ashcroft, 334 F.3d 231, 234-35 (3d Cir. 2005).

To qualify as a "refugee" who may receive asylum, an alien must establish that he or she is unable or unwilling to return to his or her country of nationality "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992) (quotation marks and citations omitted). The persecution alleged must be at the hands of the government or individuals the government is either unable or unwilling to control. Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002).

To establish a well-founded fear of persecution, an asylum applicant must show "that [he or] she has a genuine fear, and that a reasonable person in [his or] her circumstances would fear persecution if returned to [his or] her native country." Gao, 299 F.3d at 272. The BIA and this court have defined persecution to include acts or conditions "so severe that they constitute a threat to life or freedom." Fatin v. INS, 12 F.3d 1233, 1240 (3d Cir. 1993). Thus, "persecution does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional." Id.

The threshold for establishing eligibility for withholding of removal is higher than

4

that for establishing entitlement to asylum and requires the petitioner to demonstrate a "clear probability" that, upon deportation to the country of origin, "his or her life or freedom would be threatened on account of one of the statutorily enumerated factors." Senathirajah v. INS, 157 F.3d 210, 215 (3d Cir. 1998) (citation omitted). An applicant who does not qualify for asylum necessarily does not qualify for withholding of removal. Guo v. Ashcroft, 386 F.3d 556, 561 n.4 (3d Cir. 2004).

To qualify for relief under the CAT, an applicant for relief bears the burden of proving through objective evidence that it is "more likely than not" that he or she would be "tortured" in the country to which the applicant would be removed. Wang v. Ashcroft, 368 F.3d 347, 349 (3d Cir. 2004) (quoting 8 C.F.R. § 1208.16(c)(2)).

Whether an applicant has demonstrated "persecution or a well-founded fear of persecution" on account of a statutorily enumerated factor is a factual determination, which this court reviews under the substantial evidence standard. Shardar v. Ashcroft, 382 F.3d 318, 323 (3d Cir. 2004). Under this standard, the IJ's finding must be upheld unless "the *evidence* not only supports" a contrary conclusion, "but *compels* it." Elias-Zacarias, 502 U.S. at 481 n.1.

### III.

### Discussion

The IJ found that Enohonsi had failed to meet his burden of establishing eligibility for the relief he sought because he offered "weak, general, or meager testimony." App. at

20 (citation omitted). Enohonsi offers no evidence that would compel a contrary conclusion. He provided no corroboration for his belief that his family members were killed on the basis of their religious or tribal identities.

This court has stated that "the absence of corroboration or explanation in cases where it is reasonable to expect one or the other can lead to a finding that the applicant has failed to meet his burden of proof." Abdulai v. Ashcroft, 239 F.3d 542, 546 -47 (3d Cir. 2001) (quotation marks and citations omitted). The only corroboration of his testimony that Enohonsi offers are country reports. These reports, while noting the existence of religious or tribal conflict in particular parts of Nigeria, fail to support Enohonsi's specific allegations of violence against his family for being Christians or members of the Itsekiri tribe, because they do not reference the times and places of the events he alleges. Therefore, the IJ's conclusion that Enohonsi had failed to meet his burden of proof is supported by substantial evidence.

Even if the IJ's finding that Enohonsi did not establish a well-founded fear of persecution was erroneous, the IJ also found that Enohonsi was ineligible for asylum because he could safely relocate within Nigeria. See 8 C.F.R. § 1208.13(b)(2)(ii) ("An applicant does not have a well-founded fear of persecution if the applicant could avoid persecution by relocating to another part of the applicant's country of nationality . . . if under all the circumstances it would be reasonable to expect the applicant to do so."). The country reports that Enohonsi offered fail to establish a pattern or practice of

6

violence against Christians or members of the Itsekiri tribe throughout Nigeria. Thus, Enohonsi presented no evidence or convincing arguments to contradict the IJ's finding that he could safely relocate.

Because Enohonsi has failed show a well-founded fear of persecution on the basis of any protected ground, he is not eligible for asylum or for withholding of removal. In addition, he has failed to show that it is more likely than not that he will be tortured and is therefore ineligible for relief under the CAT. We will therefore deny the Petition for Review.